UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUIS JAMES THIBODEAUX,

    Plaintiff,

v.

DANIEL WHITE, STEPHEN SINCLAIR, HAROLD, TRANSPORT OFFICERS, MEDICAL DEPARTMENT SHELTON,

    Defendants.

CASE NO. 3:19-CV-05134-RBL-DWC

ORDER TO SHOW CAUSE AND FILE AMENDED COMPLAINT

Plaintiff Louis James Thibodeaux, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this civil rights complaint under 42 U.S.C. § 1983. The Court has reconsidered Plaintiff's Application to Proceed IFP and has reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A. The Court finds Plaintiff has "three strikes" under 28 U.S.C. § 1915(g) and has failed to state a claim in the Amended Complaint. Therefore, by May 6, 2019, Plaintiff is required to show cause why the Court should not revoke Plaintiff's IFP status, show cause why this case should not be dismissed as a sanction for providing false information on the Complaint and Amended Complaint, and file an amended complaint.

## I. Background

On February 15, 2019, Plaintiff initiated this action, filing an Application to Proceed IFP and a Complaint. *See* Dkt. 1. The Court granted Plaintiff leave to proceed IFP and directed Plaintiff to file an amended complaint because Plaintiff's Complaint failed to state a claim upon which relief could be granted. *See* Dkt. 6, 9. Plaintiff has now filed an Amended Complaint, wherein Plaintiff alleges Defendants, employees of the Washington State Department of Corrections ("DOC"), violated his rights under the Americans with Disabilities Act ("ADA"). Dkt. 10. Plaintiff also contends Defendants retaliated against him for filing grievances. *See id.*

## II. Discussion

### A. *"Three Strikes"*

In his Complaint, Plaintiff stated he had not filed any other lawsuits in any federal court in the United States while a prisoner. Dkt. 1-1, 7. The Court, independently, found Plaintiff had not filed any previous lawsuits in the Western District of Washington. Based on the information contained in Plaintiff's Complaint and a review of cases filed in the Western District of Washington, it did not appear Plaintiff had incurred "three strikes" under 28 U.S.C. § 1915(g). The Court granted Plaintiff's Application to Proceed IFP on February 27, 2019. Dkt. 6.

Plaintiff filed the Amended Complaint on March 8, 2019. Dkt. 10. In the Amended Complaint, Plaintiff stated he had filed one previous lawsuit in the United States District Court of Oregon. *Id.* at p. 1. Because of this new information, the Court conducted a nationwide search and found Plaintiff has filed at least thirteen previous lawsuits, not including 28 U.S.C. § 2254 habeas petitions, while incarcerated. Therefore, the Court will re-evaluate whether Plaintiff should be allowed to proceed IFP. *See Owens v. Matthews*, 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017), *report and recommendation adopted*, 2017 WL 600075 (C.D. Cal. Feb. 13, 2017)

(*sua sponte* revoking IFP and citing cases holding IFP is privilege that can be revoked); *K'napp v. Beard*, 2014 WL 584404, *1 (E.D. Cal. Feb 12, 2014) (during the screening process, the court determined the plaintiff had incurred three strikes and recommended revoking the IFP status.).

1. Legal Standard

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52.

The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an

application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

2. Plaintiff's Strikes

A review of court records from the District of Oregon[1] shows at least three of the cases Plaintiff filed while incarcerated were dismissed for failure to state a claim.

Plaintiff filed *Thibodeaux v. Villanueva* (Case No. 3:01-CV-1062-HU, D. Or., April 12, 2002) while incarcerated in the Two Rivers Correctional Institution. During the screening process, this case was dismissed with prejudice for failure to state a claim upon which relief could be granted. As this case was dismissed for failure to state a claim, *Thibodeaux v. Villanueva* is a strike.

Plaintiff filed *Thibodeaux v. Hill* (Case No. 3:03-CV-1121-HA, D. Or., Feb. 13, 2004) while he was incarcerated at the Snake River Correctional Institution. This case was dismissed with prejudice during the screening process for Plaintiff's failure to state a claim upon which relief could be granted. The dismissal in *Thibodeaux v. Hill* constitutes a strike.

During his incarceration at the Oregon State Penitentiary, Plaintiff filed *Thibodeaux v. Phillip Morris Incorporated* (Case No. 6:06-CV-6185-HO, D. Or., Aug. 28, 2006). The case was dismissed with prejudice during the screening process for failure to state a claim upon which relief could be granted. As this case was dismissed for failure to state a claim, *Thibodeaux v. Phillip Morris Incorporated* is a strike.

While incarcerated Plaintiff brought at least three actions which were frivolous, malicious, or failed to state a claim. Therefore, Plaintiff has incurred three strikes and is barred from proceeding IFP in this action unless he can show he is exempt from the three-strikes rule

---

[1] This court may take notice of judicial proceedings in another court. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

because he is under imminent danger of serious physical injury.[2] *See Thibodeaux v. Belleque*, Case No. 3:07-cv-6070-MO (D. Or., May 29, 2003) (finding Plaintiff has incurred three strikes).

      3. Imminent Danger Exception

The three-strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat to her is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff alleges his rights were violated under the ADA because he was denied a wheelchair pusher and, as a result, suffered an injury in December of 2018. *See* Dkt. 10. Plaintiff also states Defendants retaliated against him for filing grievances. *Id*. While unclear, it appears the grievances were related to the December 2018 incident.

Plaintiff has not sufficiently alleged he faces a danger which is "ready to take place" or "hanging threateningly over his head." *Cervantes*, 493 F.3d at 1056. He alleges only that he experienced a medical event in December of 2018 when he was denied a wheelchair pusher. Dkt. 10. He contends the denial of ADA accommodations has caused him emotional distress, but he

---

[2] The Court finds Plaintiff has filed several other lawsuits while incarcerated. As the Court found Plaintiff has incurred three strikes, the Court declines to review all lawsuits filed by Plaintiff while he was incarcerated to determine if he has incurred more than three strikes.

does not allege facts sufficient to show he is suffering imminent physical injury. Therefore, the Court finds the imminent danger exception does not apply in this case, and Plaintiff is subject to the three strikes rule. *See Law v. Deputy Star*, 2015 WL 9257901, at *2 (N.D. Cal. Dec. 18, 2015) ("the Ninth Circuit has recognized that courts may reject assertions of imminent danger that are conclusory and overly speculative"); *Martin v. Aramark Food Corp.*, 2015 WL 3755944, at *3 (S.D. Ohio June 16, 2015) ("Allegations which are speculative or merely conclusory statements are insufficient to establish imminent danger.").

    4. Sanctions

The Court notes Plaintiff violated Rule 11 of the Federal Rules of Civil Procedure by misrepresenting his litigation history in his Complaint and Amended Complaint, potentially in order to avoid denial of IFP status because he has three strikes. Under Rule 11, when a party -- including a *pro se* plaintiff-- signs a pleading, he represents that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support[.]" Fed. R. Civ. P. 11(b)(3). Misrepresenting litigation history may warrant sanctions under Rule 11. *See Byrd v. Romley*, 131 Fed. App'x 548, 549 (9th Cir. 2005) (finding "[t]he district court did not abuse its discretion by dismissing [prisoner plaintiff's] action on the ground that he made false statements in his complaint and on his *in forma pauperis* application"); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (remanding to the district court to determine whether a *pro se* litigant's alleged false statement that "he had never filed a federal or state lawsuit concerning his alleged assault by the [prison cook]" warranted sanctions under Rule 11).

Here, at the time Plaintiff filed this lawsuit, he was on notice that he had incurred three strikes. As such, he was aware of his potential ineligibility to proceed IFP in this case. *See Thibodeaux v. Belleque*, Case No. 3:07-cv-6070-MO (finding Plaintiff has incurred three strikes). Plaintiff's lack of candor with the Court interfered with the Court's efforts to properly consider Plaintiff's Application to Proceed IFP and to conserve judicial resources. The Court, therefore, finds Plaintiff must also show cause why this case should not be dismissed as a sanction for providing false statements in his Complaint and Amended Complaint. *See Hadley v. Homme*, 2011 WL 2493761, at *3 (E.D. Cal., June 22, 2011) (dismissal without prejudice—rather than the mere revocation of IFP status—was an appropriate sanction for a prisoner who misrepresented his prior litigation history in his complaint to conceal his "three-strikes" status.)

      5. Conclusion

The Court has reconsidered Plaintiff's Application to Proceed IFP and finds Plaintiff has three strikes and has not shown he is suffering imminent physical injury. The Court orders Plaintiff to show cause why (1) his IFP status should not be revoked and (2) this case should not be dismissed as a sanction.

      B. *Screening*

Under the PLRA, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court has reviewed Plaintiff's Amended Complaint and finds it is deficient. Therefore, the Court provides Plaintiff with a notice of the deficiencies of his Amended Complaint and directs him to cure the deficiencies in the Amended Complaint.

1. Americans with Disabilities Act

Plaintiff alleges Defendants violated his rights under the ADA. *See* Dkt. 10. "To state a claim of disability discrimination under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); 42 U.S.C. § 12132.

Plaintiff provides only vague, conclusory allegations that his rights were violated under the ADA. *See* Dkt. 10. Plaintiff fails to provide any factual allegations showing he was denied benefits because of a disability. Plaintiff also fails to explain how the named Defendants were responsible for the alleged ADA violations. As conclusory allegations are not sufficient to state a claim, Plaintiff has failed to state an ADA claim against Defendants. *See Iqbal*, 556 U.S. at 678 (a pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not" state a claim).

2. Retaliation

Plaintiff has also failed to state a First Amendment retaliation claim against Defendants. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, Plaintiff provides vague, conclusory allegations that Defendants retaliated against Plaintiff for writing grievances. Dkt. 10, p. 8. Plaintiff has failed to adequately explain what actions or inactions by Defendants resulted in an alleged constitutional violation. Therefore, Plaintiff's vague and conclusory allegations are insufficient to show Defendants violated his constitutional rights. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir.

1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

If Plaintiff wishes to pursue a § 1983 action, he must provide a short, plain statement naming individual defendants and explaining exactly what each defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

### III. Instruction to Plaintiff and the Clerk

To proceed with this lawsuit, Plaintiff must:

- Show cause why his IFP status should not be revoked;
- Show cause why his case should not be dismissed for providing false statements in his Complaint and Amended Complaint; and
- File an amended complaint.

Within the amended complaint, Plaintiff must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

The Court notes Plaintiff attached a personal affidavit to the Complaint. *See* Dkt. 10. If Plaintiff wishes the Court to consider the allegations in the affidavit, he must include those factual assertions in the amended complaint, not as an attached affidavit or declaration.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original Complaint or Amended

Complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to adequately address the issues raised in this Order and file an amended complaint on or before May 6, 2019, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 5th day of April, 2019.

David W. Christel
United States Magistrate Judge