UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOUIS JAMES THIBODEAUX,<br><br>               Plaintiff,<br><br>    v.<br><br>DANIEL WHITE, et al.,<br><br>               Defendants. | CASE NO. 3:19-CV-05134-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 24, 2019 |

      Plaintiff Louis James Thibodeaux, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this civil rights complaint under 42 U.S.C. § 1983. After reviewing Plaintiff's Second Amended Complaint, the Court finds Plaintiff has failed to state a claim and has failed to adequately respond to the Court's Order to Show Cause. Therefore, the Court recommends this action be dismissed, all pending motions be denied as moot, and Plaintiff's IFP status be revoked.

**I.    Background**

      On February 15, 2019, Plaintiff initiated this action, filing an Application to Proceed IFP and a Complaint. *See* Dkt. 1. The Court granted Plaintiff leave to proceed IFP and directed Plaintiff to file an amended complaint because Plaintiff's Complaint failed to state a claim upon

which relief could be granted. *See* Dkt. 6, 9. On March 8, 2019, Plaintiff filed an Amended Complaint. Dkt. 10. The Court screened the Amended Complaint and determined Plaintiff had incurred "three strikes" under 28 U.S.C. § 1915(g) and had failed to state a claim upon which relief could be granted. Dkt. 14. On April 5, 2019, the Court issued an Order to Show Cause and File an Amended Complaint ("Order") directing Plaintiff to show cause why his IFP status should not be revoked, show cause why his case should not be dismissed for providing false statements in his Complaint and Amended Complaint, and file an amended complaint. *Id*. Plaintiff has now filed a Second Amended Complaint and a letter in response to the Court's Order. Dkt. 15, 15-1.

**II.     Discussion**

    A.  *Dismissal of Second Amended Complaint*

        1.  <u>Failure to State a Claim</u>

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Second Amended Complaint, Plaintiff alleges his rights were violated when he was: (1) denied access to the bathroom during a transport on December 21, 2018; (2) denied medical treatment on December 26, 2018; (3) treated in a manner that caused "severe mild stolic heart failure;" (4) discriminated against; and (5) retaliated against. Dkt. 15. Plaintiff, however, fails to allege how, specifically, Defendants' actions violated his constitutional rights. For example, Plaintiff states Defendant Harold's conduct sent Plaintiff to the emergency room, but does not explain what Defendant Harold did that caused the emergency. *See id*. at p. 5. Plaintiff also states Defendant Nowbiski intentionally denied Plaintiff access to the bathroom during a transport, but does not explain how Defendant Nowbiski knowingly denied Plaintiff access to the bathroom. *Id*. Plaintiff's Second Amended Complaint contains only vague, conclusory

statements regarding Defendants' alleged conduct. The conclusory statements are not sufficient to state a claim upon which relief can be granted.

In summation, Plaintiff has failed to adequately explain what specific actions or inactions by Defendants resulted in the alleged constitutional violations. Therefore, Plaintiff's vague and conclusory allegations are insufficient to show Defendants violated his constitutional rights. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

### 2. Sanctions

Plaintiff violated Rule 11 of the Federal Rules of Civil Procedure by misrepresenting his litigation history in his Complaint and Amended Complaint, potentially in order to avoid denial of IFP status because he has three strikes. Under Rule 11, when a party --including a *pro se* plaintiff-- signs a pleading, he represents that, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support[.]" Fed. R. Civ. P. 11(b)(3). Misrepresenting litigation history may warrant sanctions under Rule 11. *See Byrd v. Romley*, 131 Fed. App'x 548, 549 (9th Cir. 2005) (finding "[t]he district court did not abuse its discretion by dismissing [prisoner plaintiff's] action on the ground that he made false statements in his complaint and on his *in forma pauperis* application"); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (remanding to the district court to determine whether a *pro se* litigant's alleged false statement that "he had never filed a federal or state lawsuit concerning his alleged assault by the [prison cook]" warranted sanctions under Rule 11).

1    In his Complaint, Plaintiff stated he had not filed any other lawsuits in any federal court
2 in the United States while a prisoner. Dkt. 1-1, 7. The Court, independently, found Plaintiff had
3 not filed any previous lawsuits in the Western District of Washington. Based on the information
4 contained in Plaintiff's Complaint and a review of cases filed in the Western District of
5 Washington, it did not appear Plaintiff had incurred "three strikes" under 28 U.S.C. § 1915(g).
6 The Court granted Plaintiff's Application to Proceed IFP on February 27, 2019. Dkt. 6.

7    Plaintiff filed the Amended Complaint on March 8, 2019. Dkt. 10. In the Amended
8 Complaint, Plaintiff stated he had filed one previous lawsuit in the United States District Court
9 of Oregon. *Id.* at p. 1. Because of this new information, the Court conducted a nationwide search
10 and found Plaintiff has filed at least thirteen previous lawsuits, not including 28 U.S.C. § 2254
11 habeas petitions, while incarcerated. The Court directed Plaintiff to show cause why his IFP
12 status should not be revoked and to show cause why his case should not be dismissed for
13 providing false statements in his Complaint and Amended Complaint. Dkt. 14. Plaintiff filed a
14 letter stating he did not have access to his previous cases and, thus, did not intentionally provide
15 false information. Dkt. 15-1.

16    At the time Plaintiff filed this lawsuit, he was on notice that he had incurred three strikes.
17 As such, he was aware of his potential ineligibility to proceed IFP in this case. *See Thibodeaux v.*
18 *Belleque*, Case No. 3:07-cv-6070-MO (D. Or., May 29, 2003) (finding Plaintiff has incurred
19 three strikes). Plaintiff's lack of candor with the Court interfered with the Court's efforts to
20 properly consider Plaintiff's Application to Proceed IFP and to conserve judicial resources.
21 Plaintiff now states that he did not have access to his previous complaints. Dkt. 15-1. However,
22 Plaintiff provided information about an Oregon case in his Amended Complaint without access
23 to his previous complaints. Further, the Court is not persuaded Plaintiff would need access to
24

previous complaints to recall filing more than thirteen prior lawsuits, some of which were dismissed because he had incurred "three strikes." Therefore, the Court finds that, in addition to dismissing this case for failure to state a claim, it is appropriate to dismiss this case a sanction for providing false information in the Complaint and Amended Complaint. *See Hadley v. Homme*, 2011 WL 2493761, at *3 (E.D. Cal., June 22, 2011) (dismissal without prejudice—rather than the mere revocation of IFP status—was an appropriate sanction for a prisoner who misrepresented his prior litigation history in his complaint to conceal his "three-strikes" status.)

        3.  <u>Leave to Amend</u>

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Plaintiff has been allowed to amend his original Complaint twice and the Court, on two occasions, instructed Plaintiff regarding the deficiencies of his complaints. *See* Dkt. 7, 9, 14, 15. Therefore, the Court recommends Plaintiff not be given leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

    B.  *Revocation of IFP Status*

Even if Plaintiff had stated a claim, he has not alleged imminent harm sufficient to overcome his "three strikes." Therefore, the Court recommends Plaintiff's IFP status be revoked.

1. Three Strikes

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52.

The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

While incarcerated Plaintiff brought at least three actions which were frivolous, malicious, or failed to state a claim. *See* Dkt. 14 (finding the following three strikes: *Thibodeaux*

*v. Villanueva* (Case No. 3:01-CV-1062-HU, D. Or., April 12, 2002), *Thibodeaux v. Hill* (Case No. 3:03-CV-1121-HA, D. Or., Feb. 13, 2004), *Thibodeaux v. Phillip Morris Incorporated* (Case No. 6:06-CV-6185-HO, D. Or., Aug. 28, 2006)). Therefore, Plaintiff has incurred three strikes and is barred from proceeding IFP in this action unless he can show he is exempt from the three-strikes rule because he is under imminent danger of serious physical injury. *See Thibodeaux v. Belleque*, Case No. 3:07-cv-6070-MO (finding Plaintiff has incurred three strikes).

      2.  <u>Imminent Danger Exception</u>

The three-strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat to her is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff states he was under imminent danger when he filed this lawsuit because he had been rushed to the hospital and diagnosed with "mild stolic heart failure." Dkt. 15-1. In the Second Amended Complaint, Plaintiff alleges he was taken to the hospital on December 28, 2018 and diagnosed with "mild stolic heart failure." Dkt. 15, p. 5. He does not allege this is an on-going problem or allege he is not receiving treatment for this health concern. *See* Dkt. 15.

1  Plaintiff has not sufficiently alleged he faces a danger which is "ready to take place" or
2  "hanging threateningly over his head." *Cervantes*, 493 F.3d at 1056. He alleges only that he
3  experienced a medical event in December of 2018. Dkt. 15. As Plaintiff's claims of imminent
4  danger are, at best, speculative, the Court finds the imminent danger exception does not apply in
5  this case and Plaintiff is subject to the three strikes rule. *See Law v. Deputy Star*, 2015 WL
6  9257901, at *2 (N.D. Cal. Dec. 18, 2015) ("the Ninth Circuit has recognized that courts may
7  reject assertions of imminent danger that are conclusory and overly speculative"); *Martin v.*
8  *Aramark Food Corp.*, 2015 WL 3755944, at *3 (S.D. Ohio June 16, 2015) ("Allegations which
9  are speculative or merely conclusory statements are insufficient to establish imminent danger.").
10  Accordingly, the Court recommends revoking Plaintiff's IFP status.

11  **III.   Conclusion**

12  The Court finds Plaintiff has failed to state a claim upon which relief can be granted. As
13  Plaintiff has been given leave to amend and notice of the deficiencies, the Court finds dismissal
14  is appropriate. The Court also finds this case should be dismissed as a sanction for providing
15  false information in the Complaint and Amended Complaint. Furthermore, Plaintiff has not
16  alleged imminent harm and, therefore, his IFP status should be revoked. Accordingly, the Court
17  recommends the Second Amended Complaint be dismissed, Plaintiff's IFP be revoked, all
18  pending motions be denied as moot (*see e.g.* Dkt. 11), and this case be closed.

19  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
20  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
21  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
22  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on May 24, 2019, as noted in the caption.

Dated this 7th day of May, 2019.

David W. Christel
United States Magistrate Judge